

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  FEB 23 2018  ★
JMA

LONG ISLAND OFFICE

# COUNTY OF SUFFOLK



### SUFFOLK COUNTY CLERK'S OFFICE

**JUDITH A. PASCALE**
SUFFOLK COUNTY CLERK
*WWW.SUFFOLKCOUNTYNY.GOV*
Court Actions
631-852-2000 ext. 852

Date: 2|21|18

18-CV-975-JMA

To whom it may concern:

Please find a Certified Copy of our Clerk's Minutes for the E-filed Supreme Court case, Index # 62426/17 , along with a copy of the Notice of Removal.

Since the above mentioned case is E-filed, there are no hard copies of the documents.

If you have any questions, please call the number at the top of this page.

Thank you,

Court Actions



# COUNTY CLERK'S OFFICE
## STATE OF NEW YORK
### COUNTY OF SUFFOLK

I, JUDITH A. PASCALE, Clerk of the County of Suffolk and the Court of Record thereof do hereby certify that I have compared the annexed with the original

**CLERKS MINUTES (NYSCEF)**

filed in my office on **02/21/2018**

and, that the same is a true copy thereof, and of the whole of such original.

In Testimony Whereof, I have hereunto set my hand and affixed the seal of said County and Court this **2/21/2018** .

SUFFOLK COUNTY CLERK

*Judith A. Pascale*

JUDITH A. PASCALE

SEAL

NYSCEF
Suffolk County Supreme Court

**Document List**
**Index #  624261/2017**

Created on:02/21/2018 12:22 PM

Case Caption:    **Yvenson Pierre - v. - Cintas Corporation No 2**
Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 1 | SUMMONS + COMPLAINT | Processed | 12/19/2017 | Ginsberg, L. |
| 2 | NOTICE OF REMOVAL / REMAND (PRE RJI) | Processed | 02/14/2018 | Brecher, J. |

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM    INDEX NO. 624261/2017
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 02/14/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

------------------------------------------------------------X

YVENSON PIERRE, ON BEHALF OF
HIMSELF AND ALL OTHERS SIMILARLY
SITUATED,

Plaintiff,

-against-

CINTAS CORPORATION NO 2,

Defendant.

------------------------------------------------------------X

**NOTICE OF FILING
NOTICE OF REMOVAL**

Index No.: 624261/2017

**VIA NYSCEF**

TO:    LOUIS GINSBERG, ESQ.
       The Law Firm of Louis Ginsberg, P.C.
       *Attorneys for Plaintiff*
       1613 Northern Boulevard
       Roslyn, New York 11576
       (516) 625-0105 ext. 18


PLEASE TAKE NOTICE that on February 14, 2018, Defendant CINTAS CORPORATION NO 2, filed a "Notice of Removal" in the above-captioned case from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. A copy of the Notice of Removal, with attachments, is attached hereto as **Exhibit 1.**

Dated: Melville, New York
       February 14, 2018

Respectfully submitted,

JACKSON LEWIS P.C.
*Attorneys for Defendant*
58 South Service Road, Suite 250
Melville, New York  11747
(631) 247-0404

By:    _____
       JEFFREY W. BRECHER, ESQ.

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM    INDEX NO. 624261/2017

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 02/14/2018

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF SUFFOLK    )

*Patricia Russell* being duly sworn, deposes and states that, I am not a party to this action, am over the age of 18 and reside in *Farmingdale*, New York.

On February 14, 2018, I served the within Notice of Filing of Notice of Removal, was electronically filed with the Clerk of the Court and served in accordance with the New York State Courts Electronic Filing System Rules on Electronic Service upon the following parties and participants:

LOUIS GINSBERG, ESQ.
The Law Firm of Louis Ginsberg, P.C.
*Attorneys for Plaintiff*
1613 Northern Boulevard
Roslyn, New York 11576
(516) 625-0105 ext. 18

Sworn to before me on this
14th day of February, 2018

JEFFREY WILLIAM BRECHER
NOTARY PUBLIC, STATE OF NEW YORK
MY COMMISSION EXPIRES JULY 20, 20___
Notary Public

4830-9479-1260, v. 1

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM    INDEX NO. 624261/2017

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 02/14/2018

# EXHIBIT 1

INDEX NO. 624261/2017
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 02/14/2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*Attorneys for Defendant*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404
        JEFFREY W. BRECHER, ESQ.

------------------------------------------------------------x

YVENSON PIERRE, ON BEHALF OF
HIMSELF AND ALL OTHERS
SIMILARLY SITUATED,

                                        Plaintiff,

                -against-

CINTAS CORPORATION NO. 2,

                                        Defendant.

------------------------------------------------------------x

Civ. No.: 18-975

**NOTICE OF REMOVAL**

TO:   LOUIS GINSBERG, ESQ.
      The Law Firm of Louis Ginsberg, P.C.
      *Attorneys for Plaintiff*
      1613 Northern Boulevard
      Roslyn, New York 11576
      (516) 625-0105 ext. 18

        Defendant CINTAS CORPORATION NO. 2 (hereinafter "Defendant" or

"Cintas"), by its attorneys Jackson Lewis P.C., hereby files this Notice of Removal of the above-

entitled action, which is now pending in the Supreme Court of the State of New York, County of

Suffolk, Index No. 624261, to the United States District Court for the Eastern District of New York

pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Removal is proper for the following reasons:

        1.   An action is pending in the Supreme Court of the State of New York, County

of Suffolk, captioned "Yvenson Pierre, on behalf of himself and all others similarly situated v.

1

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM    INDEX NO. 624261/2017
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 02/14/2018

Cintas Corporation No. 2." True and correct copies of the Summons with Notice and the Complaint are annexed hereto as Exhibit A.

2. The New York Secretary of State accepted service on behalf of Defendant on January 16, 2018 (*see* Exhibit A). Thus, the Notice of Removal is filed within 30 days after receipt pursuant to 28 U.S.C. § 1446(b). On Defendant's information and belief, no other pleadings have been served, and no orders have been entered.

3. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such an action is pending."

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides that the district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Pursuant to 28 U.S.C. § 1332(c)(1), a "corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."

5. Plaintiff and Defendant are citizens of different states. Plaintiff is a citizen of the State of New York and a resident of Suffolk County. (Complaint, ¶ 4). The Defendant is a Nevada corporation with its principal place of business in Mason, Ohio.

6. The Complaint seeks monetary damages, liquidated damages, attorneys' fees, costs, and other relief that, in the aggregate, exceeds $75,000.

7. Plaintiff alleges that from September 2015 until August 2016, he was employed as a Production Team Leader, earning approximately $15.00 per hour, and worked up to 12.5 hours

2

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM    INDEX NO. 624261/2017
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 02/14/2018

per week in unpaid overtime. (Complaint ¶¶ 22, 24). Plaintiff further alleges he is entitled to liquidated damages for any unpaid overtime during the period he was employed as a Production Team Lead, plus attorneys' fees (*see* Complaint, "Prayer for Relief").

8. Plaintiff further alleges he was employed as a Production Supervisor from August 2016 until December 7, 2017, and during that period worked up to eighteen (18) hours per week of unpaid overtime while earning a salary of $1,081.73 per week (Complaint ¶¶ 17-20). Plaintiff also seeks attorneys' fees under the New York Labor Law for the alleged failure to pay overtime during the period he was a Production Supervisor, in addition to the unpaid overtime (*see* Complaint, "Prayer for Relief").

9. Attorneys' fees are included in the amount in controversy threshold if recoverable pursuant to the underlying statute forming the basis of the claim. *See Henry v. Warner Music Group Corp.*, 2014 U.S. Dist. LEXIS 39309, *11 (S.D.N.Y. March 24, 2014). New York Labor Law allows a prevailing party to recover attorneys' fees. *Id.*

10. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief may be granted.

11. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York, County of Suffolk, and will serve a copy on counsel for the Plaintiff.

WHEREFORE, notice is given that this action is removed from the Supreme Court,

County of Suffolk, to the United States District Court for the Eastern District of New York.

Dated: Melville, New York
       February 14, 2018

Respectfully submitted,

JACKSON LEWIS P.C.
*Attorneys for Defendant*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

By: _____
    JEFFREY W. BRECHER, ESQ.

4

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM          INDEX NO. 624261/2017
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 02/14/2018

## CERTIFICATE OF SERVICE

      I hereby certify that on February 14, 2018, I electronically filed the within Notice of Removal of a Civil Action with the Clerk of the Court using the CM/ECF System and cause to be served in accordance with the Federal Rules of Civil Procedure and the Eastern District's Local Rules, and did cause the same to be sent via First-Class Mail by depositing said copy into an official depository under the exclusive custody of the U.S. Postal Service addressed to:

LOUIS GINSBERG, ESQ.
The Law Firm of Louis Ginsberg, P.C.
*Attorneys for Plaintiff*
1613 Northern Boulevard
Roslyn, New York 11576
(516) 625-0105 ext. 18

JEFFREY W. BRECHER

4816-3977-4300, v. 2

5

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM    INDEX NO. 624261/2017
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 02/14/2018

# EXHIBIT A

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM    INDEX NO. 624261/2017
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 02/14/2018

State of New York - Department of State
Division of Corporations

Party Served:                           Plaintiff/Petitioner:
CINTAS CORPORATION NO. 2                 PIERRE, YVENSON


C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 01/16/2018, pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                        Very truly yours,
                                        Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------x

YVENSON PIERRE, on behalf of himself and all others sim

Plaintiff/Petitioner,

- against -                                    Index No. 624261/2017

CINTAS CORPORATION NO 2,

Defendant/Respondent.
------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

Parties represented by an attorney: An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form. However, an unrepresented litigant may participate in e-filing.

Page 1 of 2                                                    EFM-1

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM         INDEX NO. 624261/2017
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 02/14/2018

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 1/3/2018

_____
Signature

Andrew Jordan
_____
Name

Law Firm of Louis Ginsberg, P.C.
_____
Firm Name

1613 Northern Boulevard
_____
Address

Roslyn, NY 11576
_____

(516)625-0105
_____
Phone

lg@louisginsberglawoffices.com
_____
E-Mail

To:   Cintas Corporation No 2
_____

6800 Cintas Boulevard, PO Box 625739
_____

Cincinnati, OH 45202
_____

9/3/15

Index  #          Page 2  of 2          EFM-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

------------------------------------------X
YVENSON PIERRE, on behalf of              :
himself and all others similarly situated, :

       Plaintiff,                         :

   -against-                               :

CINTAS CORPORATION NO 2,                  :

      Defendant.                        :
------------------------------------------X

Index No: 624261/2017
Date Filed: 12/19/2017

SUMMONS

To:   Cintas Corporation No 2
      6800 Cintas Boulevard
      PO Box 625737
      Cincinnati, OH 45202

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

      Plaintiff designates Suffolk County as the place of trial.

      The basis for venue is Plaintiff's place of residence.

Dated: December 19, 2017
     Roslyn, New York

        THE LAW FIRM OF LOUIS GINSBERG, P.C.
        Attorneys for Plaintiff
        1613 Northern Boulevard
        Roslyn, NY 11576
        (516) 625-0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------X
YVENSON PIERRE, on behalf of himself                Index No.: 624261/2017
and all others similarly situated,                  Date Filed: 12/19/2017

        Plaintiff,                  COMPLAINT
                                                    JURY TRIAL DEMANDED
    -against-

CINTAS CORPORATION NO 2,

        Defendant.
----------------------------------------------------------X

    Plaintiff Yvenson Pierre ("Plaintiff"), on behalf of himself and all others similarly

situated, upon personal knowledge as to himself and upon information and belief as to others, by

and through his undersigned counsel, alleges for his Complaint as follows:

### NATURE OF ACTION

1.    Plaintiff brings this action on behalf of himself and all other similarly situated production

supervisors ("PSs") employed by Defendant Cintas Corporation No 2 ("Cintas") or

("Defendant") in the State of New York and who worked more than forty (40) hours in a week

and were not paid overtime during the period commencing six (6) years prior to the filing of this

action and continuing until such further date as the practices complained of are discontinued (the

"Class Period"). As described below, Defendant by virtue of its management and control over

the wages and work of its PSs is classified as an "employer" under New York Labor Law

("NYLL") §190(3).

2.    As particularized below, Defendant has engaged and continues to engage in illegal and

improper wage practices. Defendant misclassified Plaintiff and other PSs as exempt from the

overtime laws and failed to pay Plaintiff, and the similarly situated current and former PSs, for

1

overtime of time and one-half their regular rate of pay· for all hours worked over forty (40) in a week.

3.    · Additionally, Plaintiff brings an individual action against Defendant to recover damages for unpaid overtime and violations of New York Labor Law ("NYLL") committed by Defendant and its agents against Plaintiff while he was employed by Defendant as a non-exempt hourly paid production team leader ("PTL").

### PARTIES

4.    Plaintiff Yvenson Pierre resides in Suffolk County, New York. Plaintiff was, throughout his entire employment with Defendant, a covered, non-exempt employee within the meaning of the NYLL. As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

5.    Defendant employed Plaintiff at a warehouse located at 500 S. Research Dr., Central Islip, New York 11722. Defendant maintained control, oversight, and direction over Plaintiff and the similarly situated PSs regarding time keeping, payroll, and other employment practices applicable to them.

### CLASS ACTION ALLEGATIONS

6.    Plaintiff brings this action on his own behalf and as a class action pursuant to CPLR Article 9 of a Class consisting of:

> All current and former PSs who worked for Defendant in the State of New York during the Class Period and who were not paid overtime of time and one-half their regular rate of pay for all hours worked over forty (40) in a week. (collectively the "Class" or "Class Members").

7.    Excluded from the Class are the Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class Period

2

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM                 INDEX NO. 624261/2017
NYSCEF DOC. NO. 2                                               RECEIVED NYSCEF: 02/14/2018

has had, a controlling interest in Defendant, and all persons who submit timely and otherwise proper requests for exclusion from the Class.

8.    During the Class Period, upon information and belief, the Defendant employed in excess of forty (40) PSs and systematically failed and refused to pay them for all compensable hours worked. The Class Members are so numerous that joinder of all members in one proceeding is impracticable.

9.    Plaintiff's claims are typical of the claims of other Class Members because other PSs were not compensated for all work performed. Plaintiff and other Class Members have sustained similar types of damages as a result of the Defendant's failure to comply with the NYLL. Plaintiff and other Class Members have been injured in that they have been uncompensated or under-compensated due to the Defendant's common policies, practices, and patterns of conduct.

10.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class action and wage and hour litigation. There is no conflict between the Plaintiff and Class.

11.    Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

12.    Common questions of law and fact exist as to the Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

    a.    Whether the Defendant has a policy or practice of misclassifying PSs as exempt from coverage of the overtime provisions of the NYLL;

    b.    Whether Defendant correctly compensated members of the Class for all hours worked in excess of forty (40) per week;

3

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM

NYSCEF DOC. NO. 2

INDEX NO. 624261/2017

RECEIVED NYSCEF: 02/14/2018

    c.    Whether the Defendant failed and/or refused to pay Plaintiff and the Class overtime of time and one-half their regular rate of pay for all hours worked over forty (40) in a week;

    d.    Whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members as required by New York Labor Law § 190 *et seq.* and 650 *et seq.*;

    e.    Whether the Defendant failed to comply with the posting and notice requirements of the NYLL;

    f.    Whether the Defendant engaged in a pattern and/or practice of forcing, coercing, and/or permitting Plaintiff and Class Members to perform work for Defendant's benefit which was not compensated;

    g.    Whether the Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

    h.    The nature and extent of class-wide injury and the measure of damages of those injuries; and

    i.    Whether the Defendant should be enjoined from such violations of the NYLL in the future.

13.    Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. Individual Class Members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the

4

management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.   Class Members are readily identifiable from the Defendant's records.

14.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant.

15.     Without a class action, Defendant would retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the Class.

16.     Plaintiff intends to send notice to all members of the Class to the extent required by Article 9 of the CPLR.

### FACTS

17.     In or about September 2015, Plaintiff began working for Defendant as a PTL.  In or about August 2016, Plaintiff was promoted to a PS.  Plaintiff was employed by Defendant as a PS from in or around August 2016 until on or about December 7, 2017.  From in or around August 2016 until in or around August 2017, Plaintiff was scheduled to work 3:30 p.m. to 11:30 p.m, Monday thru Friday with a thirty (30) minute meal break.  From in or around August 2017 until on or about December 7, 2017, Plaintiff was scheduled to work from 3:00 p.m. until 11:00 p.m. Monday thru Friday with a thirty (30) minute meal break.  Plaintiff was paid a salary of approximately $1,081.73 per week.

18.     As a PS, Plaintiff worked approximately forty-two and a half (42.5) to fifty-eight (58) hours a week.  Plaintiff's core job duties did not change much during the course of his employment.  Plaintiff's job duties at Defendant were of a non-exempt nature and included but were not limited to, loading and unloading trucks, cleaning pallets, and moving trucks.

5

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM    INDEX NO. 624261/2017
NYSCEF DOC. NO. 2                                              RECEIVED NYSCEF: 02/14/2018

Defendant's other PSs performed similar duties. Based upon the job duties of Plaintiff and the other PSs, Plaintiff and the other PSs should have been classified as non-exempt and paid overtime of time and one-half for all hours worked over forty (40) in a week.

19.       Yet, Defendant has a practice and/or policy whereby they misclassified Plaintiff and other PSs as exempt and failed to pay overtime of time and one-half their regular rate of pay to Plaintiff and the PSs when they worked over forty (40) hours in a week.

20.       Plaintiff typically worked through his meal break on average five (5) shifts per week for thirty (30) minutes per shift. Further, Plaintiff worked on average thirty (30) minutes to three (3) hours after the end of his shift five (5) shifts per week and was not compensated for this time. Additionally, Plaintiff worked on some Saturdays for an additional several hours. Such work performed during his meal break, after the end of his shift and on Saturdays included, but was not limited to, loading and unloading trucks, cleaning pallets, and moving trucks. Thus, because of Defendant's improper compensation policies, as a PS Plaintiff was not paid for two (2) hours and thirty (30) minutes to eighteen (18) hours of uncompensated overtime per week in violation of the NYLL.

21.       For example, during the week of November 27, 2017 to December 1, 2017 Plaintiff worked more than forty (40) hours during the week and was not paid for all of the time worked. Plaintiff worked about forty-two and one half (42.5) hours that same week and was only paid for forty (40) hours. Plaintiff was not paid for two and one half (2.5) hours of overtime.

22.       From in or around September 2015 until in or around August 2016, Plaintiff was employed by Defendant as a PTL, a covered, non-exempt employee within the meaning of the NYLL § 190(2).

23.       As a PTL, Plaintiff was scheduled to work for Defendant from 3:30 p.m. until 11:30 p.m.

6

INDEX NO. 624261/2017
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 02/14/2018

with a thirty (30) minute meal break. Defendant paid Plaintiff an hourly rate of approximately $15.00 per hour.

24.    Plaintiff's job duties as a PTL were of a non-exempt nature and included but were not limited to loading and unloading trucks.

25.    However, Defendant did not pay Plaintiff for all hours worked before his shift and after his shift.

26.    Plaintiff typically worked through his meal period on average five (5) times per week for thirty (30) minutes each time. Also, Plaintiff typically came in early before his shift started and worked uncompensated for thirty (30) minutes each time on average five (5) times per week. Further, Plaintiff typically worked after the end of shift uncompensated for one (1) to two (2) hours on average five (5) times per week.

27.    All work done by Plaintiff was related to his core job duties and included loading and unloading trucks.

28.    Thus because of Defendant's improper compensation policies, as a PTL Plaintiff was deprived of approximately seven (7) hours and thirty (30) minutes to twelve (12) hours and thirty (30) minutes of uncompensated overtime per week in violation of the NYLL.

29.    Plaintiff complained multiple times to Defendant's management and to Human Resources about not getting paid for all hours worked, but Defendant failed to do anything.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST THE DEFENDANT FOR NONPAYMENT OF OVERTIME IN VIOLATION OF THE NEW YORK LABOR LAW
#### (On behalf of Plaintiff and the Class)

30.    Plaintiff incorporates paragraphs 1-29 as if fully rewritten herein.

31.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 NYCRR 142-2.2 apply to Defendant and protect Plaintiff and the Class Members.

7

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM    INDEX NO. 624261/2017
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 02/14/2018

32.    Defendant has failed to pay Plaintiff and the Class Members overtime wages to which they are entitled under the New York Labor Law and the supporting New York State Department of Labor Regulations.

33.    By Defendant's knowing and/or intentional failure to pay Plaintiff and the Class Members overtime wages for all hours worked in excess of forty (40) hours in a week, Defendant has willfully violated New York Labor Law §§ 190, *et. seq.*, including but not limited to, §§ 190, 191, 193, 198, New York Labor Law §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

34.    Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid overtime wages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

35.    Plaintiff does not seek liquidated damages under the NYLL on behalf of the Class but reserves his right to do so.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST THE DEFENDANT FOR NONPAYMENT OF OVERTIME IN VIOLATION OF THE NEW YORK LABOR LAW
#### (On Behalf of Plaintiff Individually)

36.    Plaintiff incorporates paragraphs 1-35 as if fully rewritten herein.

37.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 NYCRR 142-2.2 apply to Defendant and protect Plaintiff.

38.    Defendant has failed to pay Plaintiff overtime wages to which he is entitled under the New York Labor Law and the supporting New York State Department of Labor Regulations.

39.    By Defendant's knowing and/or intentional failure to pay Plaintiff's overtime wages for hours worked in excess of 40 hours in a week, Defendant has willfully violated New York Labor Law §§ 190, *et. seq.*, including but not limited to §§ 190, 191, 193, 198, New York Labor Law

8

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM   INDEX NO. 624261/2017
NYSCEF DOC. NO. 2                                                   RECEIVED NYSCEF: 02/14/2018

§§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

40.     Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, on the First Cause of Action, Plaintiff, individually and on behalf of the Class, seeks the following relief against the Defendant:

(a)   Certification of the Class as described herein under CPLR Article 9 and appointing Plaintiff as representative of the Class and Plaintiff's counsel as Lead Counsel for the Class;

(b)   An Award for the amount of the Plaintiff's and Class Members' unpaid overtime and pre- and post-judgment interest as allowed by law;

(c)   An award of injunctive relief as the Court deems necessary and proper to prevent against future violations of New York Labor Law;

(d)   An award to Plaintiff and the Class Members of reasonable attorneys' fees and costs, including expert fees, pursuant to New York Labor Law; and

(e)   An award to Plaintiff and the Class Members of such further relief as this Court deems just and proper.

WHEREFORE, on the Second Cause of Action, Plaintiff individually seeks the following relief against the Defendant:

(a)   An Award for the amount of the Plaintiff's unpaid overtime, and pre- and post-judgment interest as allowed by law;

9

FILED: SUFFOLK COUNTY CLERK 02/14/2018 11:45 AM    INDEX NO. 624261/2017

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 02/14/2018

(b)    An award to Plaintiff of reasonable attorneys' fees and costs pursuant to

New York Labor Law;

(c)    An award to Plaintiff of liquidated damages;

(d)    An award to Plaintiff of expert fees; and

(e)    An award to Plaintiff of such further relief as this Court deems just and

proper.

Dated:    December 19, 2017
          Roslyn, New York

                              Respectfully submitted,
                              THE LAW FIRM OF
                              LOUIS GINSBERG, P.C.

                   By:    s/Louis Ginsberg
                          Louis Ginsberg, Esq.
                          1613 Northern Boulevard
                          Roslyn, N.Y. 11576
                          (516) 625-0105 X. 18
                          Attorneys for Plaintiff and the
                          putative New York Class

10