## AGREEMENT AND RELEASE ("AGREEMENT")

Cintas Corporation No. 2 ("Employer"), and Yvenson Pierre, his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Consideration.** In consideration for signing this Agreement and Release, and complying with the terms and conditions herein, Employer agrees to pay Employee a total of Fourteen Thousand Three Hundred And Seventy-Five Dollars ($14,375.00) which shall be allocated as follows: The sum of Four Thousand Seven Hundred Forty-Six Dollars and Ninety Cents ($4,746.90) will be made payable to Employee and will be subject to normal withholdings, for which a Form W-2 will be issued. The sum of Four Thousand Seven Hundred Forty-Six Dollars and Ninety-One Cents ($4,746.91) will be made payable to Employee and will not be subject to withholdings, for which a Form 1099 will be issued. Employer also agrees to pay reasonable attorneys' fees and disbursements, of Four Thousand Eight Hundred Eighty-One Dollars and Nineteen Cents ($4,881.19) to the Law Firm of Louis Ginsberg, P.C. for attorneys' fees and costs, for which a Form 1099 will be issued to Employee and the Law Firm of Louis Ginsberg, P.C. Employer agrees to make all payments in one lump payment within ten (10) calendar days after: (a) Employer receives a signed original of this Agreement and Release; and (b) the Case (as defined below) has been dismissed with prejudice.

Employee must ensure that all taxes relating to payments made pursuant to the Agreement properly are paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any and all payments made hereunder, said taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Employee, who agrees to hold harmless and to indemnify Employer from any tax-related or other liability.

2. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in Paragraph "1" above, except for Employee's execution of this Agreement and Release and the fulfillment of the promises contained herein.

3. **Release of Claims.** Employee knowingly and voluntarily releases and forever discharges Cintas Corporation No. 2, its owners, shareholders, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all wage claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement and Release, including, but not limited to, claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and their implementing regulations.

4. **Non-Disparagement.** Employee shall not, directly or indirectly, in public or in private, deprecate, impugn, disparage or make any remark or comment, either written or

oral, that could be construed as negative or defamatory concerning Employer to any individual or entity, including but not limited to customers, vendors or current or former employees of Employer. This condition shall not be construed to include truthful statements by Plaintiff regarding the subject-matter of this lawsuit.

Upon inquiry to Employer from a prospective employer regarding Employee, Employer will provide only confirmation of employment with Employer, including dates of employment and position held.

5. **Acknowledgments and Affirmations.**

(a) Employee affirms that he has not filed, caused to be filed, or presently is a party to any claim against Employer, except the within lawsuit, filed with the United States District Court for the Eastern District of New York, Case No. 18-cv-00975 ("Case"); that this Agreement represents a settlement of a bona fide dispute regarding wages owed and hours worked; and that Employee shall promptly seek Court approval of this Agreement on the basis that the Agreement is fair and reasonable.

(b) Employee affirms that through this Agreement, he has been paid and/or has received all compensation, wages, bonuses, other monies, and/or benefits to which Employee may be entitled for work performed and that no other compensation, wages, bonuses, benefits or other monies are due.

(c) Employee further affirms that he has not been retaliated against for reporting any allegations of wrongdoing by Employer or its officers, including any allegations of corporate fraud. Both Employer and Employee acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

(d) Employee affirms that he is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

6. **Governing Law and Interpretation.** This Agreement and Release shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement and Release, either party may institute an action specifically to enforce any term or terms of this Agreement and Release and/or seek any damages for breach. Should any provision of this Agreement and Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement and Release in full force and effect.

7. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement and Release nor the furnishing of the consideration for this Agreement and Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement and Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and Release.

9. **Entire Agreement and Remedies.** This Agreement and Release sets forth the entire agreement between the Parties hereto relating to the subject matter covered by this Agreement, and, except for the Cintas Corporation New York Employment Agreement for Plant Managers, Office Managers, Supervisors, and Engineers, which was entered into on October 24, 2016, fully supersedes any prior agreements or understandings between the Parties. Any breach or violation of this Agreement by either party, will be considered a material breach of this Agreement and will entitle the other party to recover actual damages, if any, caused by the breach or violation. In addition, the non-breaching party may seek legal or equitable relief, including, but not limited to, injunctive relief or other equitable relief as it may deem appropriate.

10. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument.

11. **Competency to Waive Claims.** Employee is competent to affect a knowing and voluntary general and unlimited release of all wage claims, as contained herein, and to enter into this Agreement. He is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, he has a clear and complete understanding of this Agreement. Employee is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Releasees from any claims by or relating to Employee.

12. **Execution.**

(a) The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. The meaning, effect and terms of this Agreement have been fully explained to Employee by his counsel, the Law Firm of Louis Ginsberg, P.C. Employee fully understands that this Agreement generally releases, settles, bars and waives any and all wage claims that Employee possibly could have against Releasees. Employee further represents that he is fully satisfied with the advice and counsel provided by the Law Firm of Louis Ginsberg, P.C.

(b) Employee also confirms that he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Releasees to execute this Agreement and was not caused to sign this

3

Agreement without the opportunity for or actual consultation with counsel; and,

(c) Employee fully understands the terms of this Agreement and does not require translation service or other assistance.

**EMPLOYEE AFFIRMS HE HAS CONSULTED WITH THE LAW FIRM OF LOUIS GINSBERG, P.C. PRIOR TO SIGNING THIS AGREEMENT.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: April 25, 2018        By: _____
                                  Yvenson Pierre

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF Nassau        )

On the 25 day of April, 2018, before me, the undersigned notary, Yvenson Pierre personally appeared and proved to me, on the basis of satisfactory evidence, established that he is executing this Negotiated Settlement Agreement. Yvenson Pierre advised me that he is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Releasees. He also confirms his complete understanding of this Agreement and the lack of need of translation services.

Andrew Jordan
Notary Public, State of New York
No. 01JO6364498
Qualified in Nassau County
My Commission Expires Sept 18, 2021

_____
Signature and Office of individual
taking acknowledgment

Dated: April 30, 2018         Cintas Corporation No. 2
                              By: _____
                              Title: Senior Labor + Employment
                                     Practices Counsel

4